Before the Court for decision after a bench trial was Plaintiffs' Count I, breach of fiduciary duty, and Count IV, determination and payment of the fair value of Plaintiffs' 50% ownership interests in Billington Farms LLC (the LLC). Following the Plaintiffs' complaint for dissolution and breach of fiduciary duty, the parties stipulated that the provisions of the "buyout statute"would apply to this dispute. G.L. 1956 § 7-1.2-1315 (formerly G.L. 1956 § 7-1.1-90.1). Therefore, in lieu of dissolution, this Court determined the "fair value" that Defendant Jackson Despres must pay to the Plaintiffs to purchase their ownership interests in the LLC.
The LLC was in the business of developing and constructing homes on a parcel of land in Cumberland, Rhode Island. Because the LLC had no equipment, employees, or a contractor's license, the LLC utilized contracts with the related entities Marsh Builders, Inc. and Smithfield Peat Company. However, as of the valuation date, its only significant assets were 21 lots of land and some cash in a bank account. The Court found that "fair value" was the Plaintiffs' pro rata share of the LLC. The LLC's value was the price at which the entity would be sold in a hypothetical transaction between a willing buyer and a willing seller, neither of whom are under any compulsion to act. This was appropriately determined by using an asset-based approach as advocated by the Defendants. The Court rejected Plaintiffs' invitation to use an income-based approach to valuation. However, the real estate appraisal relied upon by the Defendants was flawed, so the Court adopted an appraisal presented by the Plaintiffs' expert.
On the breach of fiduciary duty claims, the Plaintiffs sought "lost profits" damages, or 50% of the profits expected from the continued development of the 21 lots after the valuation date, because they were "frozen out" of the LLC. However, the Court determined that such damages were inappropriate since the effect of the buyout statute was to terminate the Plaintiffs' status as owners on the valuation date. Therefore, they were not entitled to profits continuing throughout the entity's expected lifespan. *Page 1